UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gina Marie Kirkhart,

    Plaintiff,

    v.                                          Case No. 1:18cv241

Commissioner of Social Security                 Judge Michael R. Barrett

    Defendant.

## **ORDER**

This matter is before the Court upon the Magistrate Judge's May 31, 2019, Report and Recommendation ("R&R") recommending that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 14).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 15).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

Plaintiff maintains that the Magistrate Judge's R&R was in error for the following reasons: (1) concluding that the ALJ properly evaluated Plaintiff's mental residual functional capacity ("RFC"); and (2) concluding that the ALJ properly weighed her credibility and subjective complaints.

I. **ANALYSIS**

   A. **Mental Residual Functional Capacity**

Plaintiff maintains that the ALJ claimed to formulate a mental RFC which was "consistent" with the limitations assessed by consultative examining psychologist, Dr. Groneck; however, the mental RFC did not reflect the specific findings of Dr. Groneck. Plaintiff also maintains that in formulating the RFC, the ALJ erred by failing to include the state agency psychologists' finding that Plaintiff had "moderate limitations" on completing a normal work day and week without interruptions from her psychological symptoms; and on maintaining attention and concentration to sustain work.

Residual functional capacity is defined as the most a claimant can still do despite the physical and mental limitations resulting from her impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). In formulating a residual functional capacity, the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions. 20 C.F.R. § 404.1545(a)(3).

The Magistrate Judge concluded the ALJ properly weighed the opinion of Dr. Groneck and adequately accounted for the limitations on concentration and other functional limitations assessed by Dr. Groneck. The Magistrate Judge noted that Plaintiff has not identified any record evidence or cited any authority to show that the ALJ was required to include additional restrictions in the RFC. With regard to the state

2

agency reviewing psychologists, the Magistrate Judge concluded that the ALJ gave proper weight to their assessments and Plaintiff had not shown that she suffers from additional mental work-related restrictions which are supported by the evidence.

In her objections, Plaintiff points out that the RFC limits Plaintiff to "simple, work-related decisions." Plaintiff explains that by definition, Plaintiff was therefore limited to unskilled work. Plaintiff explains further that unskilled work still requires the ability to focus, be reliable and sustain activity to work productively for 40 hours per week. Plaintiff also argues that the RFC should have included the finding of the state agency psychologists that Plaintiff had "moderate limitations" on completing a normal work day and week without interruptions from her psychological symptoms; and on maintaining attention and concentration to sustain work. However, Plaintiff does not cite to evidence in the record which would indicate that Plaintiff is unable to meet these requirements or is subject to these limitations.[1] Therefore, the Court finds no error in the Magistrate Judge's conclusion that the ALJ adequately accounted for the mental limitations reported by Dr. Groneck and the state agency reviewing psychologists; and therefore, the Magistrate Judge did not err in concluding that the ALJ's mental RFC determination was proper.

### B. Credibility and subjective complaints

Plaintiff argues that the ALJ erred in analyzing her subjective complaints and credibility with regard to her mental impairments.

---

[1] Plaintiff argues that the ALJ erred by not including these limitations in his hypothetical limitations to the vocational expert. However, "in formulating a hypothetical question, an ALJ is only required to incorporate those limitations which he has deemed credible." *Gant v. Comm'r of Soc. Sec.*, 372 Fed.Appx. 582, 585 (6th Cir. 2010).

When a credibility determination regarding a claimant's subjective complaint is at issue, this Court must affirm if the ALJ's determination is "reasonable and supported by substantial evidence." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007). "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

The Magistrate Judge concluded that the record supported the ALJ's findings with regard to Plaintiff's subjective complaints. The Magistrate Judge pointed out that Plaintiff claims that she did not see mental health treatment for financial reasons, but during the same time period Plaintiff was consistently obtaining medical treatment for her physical impairments through her husband's health insurance. Therefore, the Magistrate Judge did not err in concluding that the ALJ properly analyzed Plaintiff's subjective complaints and credibility.

## II. <u>CONCLUSION</u>

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's May 31, 2019 R&R. (Doc. 14). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court